**18**

Ray MARSHALL, Secretary of Labor, United States Department of Labor, Plaintiff,

v.

HAMBURG SHIRT CORPORATION, a corporation, Defendant.

No. ED–74–67–C.

United States District Court, W. D. Arkansas, El Dorado Division.

July 7, 1977.

Carin A. Clauss, Sol., Washington, D. C., Ronald M. Gaswirth, Regional Sol., William E. Everheart, Counsel, U. Sidney Cornelius, Jr., Atty., U. S. Dept. of Labor, Dallas, Tex., for plaintiff.

James W. Moore, Friday, Eldredge & Clark, Little Rock, Ark., for defendant.

MEMORANDUM OPINION

OREN HARRIS, District Judge.

The Secretary of Labor, through his authorized representatives, initiated this action by complaint filed December 2, 1974, wherein it is alleged that the defendant, Hamburg Shirt Corporation, is in violation of Sections 7 and 15(a)(2) of the Fair Labor Standards Act of 1938, as amended, by failing to properly compensate certain of its employees for overtime work and that it is in violation of Sections 11(c) and 15(a)(5) of that Act in failing to properly record and keep records of wages and hours. It is further alleged that the violations are willful.

Plaintiff prays for injunctive relief, including restraints on future violations of the Act and recovery on behalf of the employees of overtime wages allegedly wrongfully withheld by the defendant, together with interest and costs.

Defendant answered, denying any violations of the Act, asserted that certain of the claims are barred by limitations, as any violation which might be found was not willful, and asserted that the employees involved were paid according to a contractual agreement for a "Fixed Salary for Fluctuating Hours", as provided for in 29 C.F.R. § 778.114, interpretative bulletin, containing regulations promulgated by the Secretary of Labor.

After discovery had been accomplished, the matter was set for trial pursuant to pre-trial conference. The cause was tried to the Court on April 28, 1977, as scheduled. Both parties presented testimony and exhibits and announced that their presentation of evidence was concluded. The parties were then permitted to file briefs with the Court as to their respective contentions and to respond to the brief filed by the other party. All briefs have now been received and the cause submitted for determination by the Court.

The Court, in consideration of the pleadings, the testimony and exhibits received and heard, and the contentions of the parties as contained in their briefs herein, makes the following findings of fact and conclusions of law, which are incorporated herein pursuant to rule 52, Federal Rules of Civil Procedure:

It is agreed and undisputed that defendant is an Arkansas corporation having its principal place of business in Ashley County, Arkansas, within this District, where it is and at all material times has been engaged in the manufacturing of shirts, an enterprise engaged in commerce or in the production of goods for commerce, and that it at all times had an annual dollar volume of business sales exceeding $250,-000.00, exclusive of excise taxes. Defendant is, therefore, subject to the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et seq.

Under the allegations of the complaint, this Court has jurisdiction of this cause pursuant to the provisions of 29 U.S.C. § 217, wherein the District Court is expressly empowered to act to restrain violations of the said Act, including the restraint of withholding of payment of overtime wages found to be due to employees.

In the course of its operations, defendant employed ten individuals pursuant to written agreements denominated "Fixed Salary Agreement for Fluctuating Hours". The forms of the agreements are virtually identical.

A typical agreement, as introduced in evidence for each of the employees involved in the alleged violations, provides:

"FIXED SALARY AGREEMENT FOR FLUCTUATING HOURS

DATE    July 3, 1971

I.   I, Ruben Ethridge, an employee of Hamburg Shirt Corporation have entered into an agreement with my employer (Hamburg Shirt Corporation) to be paid in accordance with the Fair Labor Standards Act of 1938, as amended and

described in the Interpretative Bulletin of the Code of Federal Regulations, Title 29, part 778, section 778.114 entitled "Fixed Salary for Fluctuating Hours".

II. It is our understanding that my weekly salary of 118.40 per week is to cover what ever hours I work in any one work week and that all hours over 40 in any one work week will be computed as extra half time and that I will be guaranteed no less than 45 hours in any one work week.

III. Example of computing extra half time for overtime:

Salary $100.00         Hours worked 50

50 hours   100.00 =   hourly rate of $2.00

½ of hourly rate of $2.00 = $1.00 extra half time.

| | |
|---|---|
| Salary for 40 hours | $100.00 |
| 10 extra half time hours at $1.00/hr. | 10.00 |
| Total gross wage | $110.00 |

/S/ Ruben Ethridge      /S/ J. McNeely _____
Employee             For
                       Hamburg Shirt Corporation

$$\begin{array}{ll} \underline{2.63} & \\ 45/118.40 \quad \text{½ of } 2.63 = 1.32 & 118.40 \\ \qquad\qquad\qquad\qquad \underline{\quad 5} & \underline{\quad 6.60} \\ \qquad\qquad\qquad\qquad 6.60 & 125.00" \end{array}$$

(GOVERNMENT'S EXHIBIT 3)

---

The regulation referred to in the agreements, 29 C.F.R. § 778.114, Interpretative Bulletin, provides in relevant part:

"(a) An employee employed on a salary basis may have hours of work which fluctuate from week to week and the salary may be paid him pursuant to an understanding with his employer that he will receive such fixed amount as straight time pay for whatever hours he is called upon to work in a workweek, whether few or many. Where there is a clear mutual understanding of the parties that the fixed salary is compensation (apart from overtime premiums) for the hours worked each workweek, whatever their number, rather than for working 40 hours or some other fixed weekly work period, such a salary arrangement is permitted by the Act if the amount of the salary is sufficient to provide compensation to the employee at a rate not less than the applicable minimum wage rate for every hour worked in those workweeks in which the number of hours he works is greatest, and if he receives extra compensation, in addition to such salary, for all overtime hours worked at a rate not less than one-half his regular rate of pay. Since the salary in such a situation is intended to compensate the employee at straight time rates for whatever hours are worked in the workweek, the regular rate of the employee will vary from week to week and is determined by dividing the number of hours worked in the workweek into the amount of the salary to obtain the applicable hourly rate for the week. Payment for overtime hours at one-half such rate in addition to the salary satisfies the overtime pay requirement because such hours have already been compensated at the straight time regular rate, under the salary arrangement.

\*    \*    \*    \*    \*    \*

(c) The 'fluctuating workweek' method of overtime payment may not be used unless the salary is sufficiently large to assure that no workweek will be worked in which the employee's average hourly earnings from the salary fall below the

minimum hourly wage rate applicable under the Act, and unless the employee clearly understands that the salary covers whatever hours the job may demand in a particular workweek and the employer pays the salary even though the workweek is one in which a full schedule of hours is not worked . . . Where all the legal prerequisites for use of the 'fluctuating workweek' method of overtime payment are present, the Act, in requiring that 'not less than' the prescribed premium of 50 percent for overtime hours worked be paid, does not prohibit paying more. On the other hand, where all the facts indicate that an employee is being paid for his overtime hours at a rate no greater than that which he receives for non-overtime hours, compliance with the Act cannot be rested on any application of the fluctuating workweek overtime formula."

To continue the example of Ruben Ethridge, Mr. Stricklin, compliance officer for the Department of Labor, presented his computations of the hours worked, amounts paid, and his opinion that overtime was not paid in accordance with the Act. Government's Exhibit No. 22 contains his computations and reveals the basis for his opinion. The greatest number of hours worked by Ethridge in any one week were 60. Dividing these hours into the base salary set out in the agreement, $111.40, produces an hourly wage rate for that week of $1.97, which is not contended to be less than the then applicable minimum wage. Continuing the computations pursuant to the Regulation, he would be entitled to overtime pay at ½ this hourly rate for the week multiplied by the number of hours exceeding 40 ($1.97 × ½ × 20 = $19.70) and this amount added to the salary to determine the gross wages he should receive for the week, $138.10. According to Defendant's Exhibit No. 4, he actually received $138.20 for that week.

In his analysis and recapitulation as to the earnings of Ruben Ethridge, Mr. Stricklin, at pages A–2–A through A–2–(d) of Government's Exhibit No. 21, does not use the method of computation set out in the Regulation. Although his use of a "coefficient" makes comparison and evaluation of his computations difficult, it is readily apparent that he completely ignores and departs from the method of determination of the base wage rate, as described. He used a "base wage" for all hours worked of $2.78 per hour, which was arrived at by dividing an assumed salary of $125.00 per week by 45 hours per week.

It is clear from the plain wording of the agreements between the defendant and the affected employees that the requirements of the regulation were scrupulously followed. A fixed salary was provided, which was agreed to be compensation at full or base rate for all hours worked in a week, whatever the number. Provision was made that for all hours over 40 additional compensation would be paid at half the base rate. The base rate and the half-time rate were to be determined as provided in the regulation.

Plaintiff, however, points to the additional provision of the agreements wherein the employee is guaranteed that he will be paid on this basis for more than 40 hours each week, whether 40 hours or more are worked or not, as invalidating the entire arrangement and taking the agreements outside the regulation. Plaintiff states that the pay plan does not provide for half time for hours worked over 40 within the number guaranteed in the contracts. However, the Court finds that the contracts do clearly, both in their plain language and in the arithmetic example and pay computation set out on their faces, provide for half time for all hours worked over 40 not only within the number guaranteed in the contracts, but also for all other hours worked over 40.

Plaintiff's arguments are in the face of sub-section (c) of the Regulation, particularly wherein it is stated that the Act, in requiring that "not less than" the prescribed premium of 50 percent for overtime hours worked be paid, does not prohibit paying more.

If it is within the regulation to provide a fluctuating base pay rate, deter-

mined by dividing the base salary by the actual number of hours worked, and providing for payment of all hours over 40 actually worked at an additional half time based on this rate, the Court fails to perceive any prejudice to the employee, or any offense under the Act, by an agreement that the employee will be paid a certain number of overtime hours based on this computation even if the employee should work less than that number of hours in any week. The guaranteed overtime provision does not affect the basic agreement for determination of the base wage rate, the overtime wage rate, and provides expressly for payment of additional half time for *all* hours worked over 40. The guaranteed overtime provision merely assures the employee that he will be paid not less than the guaranteed number of hours, whether he works that many hours or not. Such a provision is not prohibited by the Regulation and the plaintiff has failed to demonstrate in what manner it is in violation of the letter or spirit of the Act.

Plaintiff urges that defendant, rather than following the provisions of 29 C.F.R. § 778.114, has instead brought itself within the provisions of Section 7(f) of the Act, which provides for the establishment of a workweek base in excess of 40 hours at a set rate of pay and for one and one-half times such rate for all hours over the agreed workweek. The agreements involved did not provide for a workweek base in excess of 40 hours and did not provide for a regular rate of pay for such a workweek. The agreements provided for a fluctuating base rate of pay, determined by dividing the base salary by the actual number of hours worked, and for additional half time for all hours over 40, rather than time and one-half for all hours over a base workweek exceeding 40 hours. It appears that Mr. Stricklin's computations were based upon the assumption that Section 7(f) was to be followed, and that the employees were to be paid time and one-half for all hours over the number guaranteed in the agreements.

The Court, therefore, finds and concludes that defendant did comply with the Fair Labor Standards Act of 1938, as amended, and as particularly provided for in 29 C.F.R. § 778.114, Interpretative Bulletin, promulgated by plaintiff, in the wage agreements for fixed salaries for fluctuating hours between defendant and the ten employees as to whom complaint was made. The validity of such agreements for fixed salaries for fluctuating hours has been well established since *Overnight Motor Co. v. Missel,* 316 U.S. 572, 62 S.Ct. 1216, 86 L.Ed. 1682 (1941).

■ Plaintiff further contends that defendant failed to keep accurate records of hours worked by employees. Although there was testimony from the three employee witnesses that accurate records were not kept, the payroll clerk testified that the records were compiled from time turned in by the employees themselves, either by their statements or by time clock records, and that such times were accurately recorded and compiled. The employees failed to point out any errors or irregularities in the records, or to show that they had actually worked more hours in any week than recorded. The Court, therefore, finds that plaintiff has failed in its burden of proving that defendant has failed to comply with the records keeping provisions of the Fair Labor Standards Act.

The additional issues presented, concerning the willfulness of any violations and the applicable statute of limitations need not be considered, in view of the foregoing findings and conclusions of the Court.

Judgment will be entered dismissing the complaint of the plaintiff with costs taxed to plaintiff.